SAMUEL WILSON, RESPONDENT, *v.* THE N. Y. CENTRAL RAILROAD COMPANY, APPELLANT.

*Evidence— Objection to, when too broad—Exception must be Specific.*

Where the objection to the admissibility of testimony is so broad in its terms ·as, if sustained, it would exclude testimony which is admissible, it cannot be made available on review. The exception to testimony should point out specifically the particular part deemed objectionable.

PARKER, J.—The Plaintiff was a contractor with the Buffalo, New York and Erie Railroad Company to lay its track and superstructure from Attica to Batavia, a distance of eleven miles. By the contract he was to receive the materials, iron ties, and spikes from the company at Attica and Batavia, and himself distribute them for use between the two places. The Defendant's railroad ran between these places, parallel to and so near the railroad which the Plaintiff was employed to build, that the materials above mentioned could conveniently be distributed from Defendant's cars at the place where the Plaintiff wanted them for use; and he contracted with the Defendant to do this work of distribution for him, at a price equal to the actual cost to Defendant of doing the same. The Defendant commenced distributing, pursuant to its agreement with the Plaintiff, and, after doing a small portion of the work, refused to proceed, and Plaintiff was obliged to resort to other means of having this work done, at an increased expense to himself; and to recover from the Defendant his damages arising therefrom, he brings this action.

The suit was tried before a referee, who found a contract between the parties as follows: " That the said Plaintiff, in the month of May, 1858, made an agreement with the Defendant, by which the said Defendant agreed to furnish a locomotive engine, and the necessary railroad cars, and hands, to transport for said Plaintiff, and deliver along the line of said road, between Batavia and Attica aforesaid, at such points as the said Plaintiff should desire, all such railroad ties, spikes, and other materials as the said Plaintiff should or might have for the construction of said rail-

road; and that said Defendant would keep an account of the actual expense of transporting and distributing the same, the amount of which should be paid by the Plaintiff to the Defendant therefor." The Defendant's counsel insists that this finding is without evidence to sustain it, in that there is no evidence that the Defendant was to distribute the spikes. That the Defendant undertook to distribute the ties is not disputed, and though nothing was said specially about the spikes, the testimony of the Plaintiff is that the Defendant's agent, with whom the contract was made, said "he would put on an engine and train of cars and do my work for me." This the referee construed, doubtless, and, I think, properly, as including the distributing of all the materials the Plaintiff had for distribution over the whole route.

In regard to the breach of the contract by the Defendant, and the quantity of material which the Plaintiff was obliged to have transported by other means, and the expense of such transportation as compared with what it would have cost him if the Defendant had transported it, there is evidence in the case tending to the conclusions of fact arrived at by the referee. The correctness of those conclusions, therefore, is not here open to review.

There is but a single exception in the case, beyond the exceptions filed to the findings of fact, and the general exception that the judgment should have been for the Defendant. Upon the trial, after giving evidence tending to prove his contract with the Defendant, the amount of work done by Defendant upon it, the amount left undone, and Defendant's refusal to do any more, the mode then adopted by Plaintiff for distributing the residue of the materials, to wit: part by the use of teams, and part by making a partially completed track and employing on it upon hire the engines and cars of the Buffalo, New York and Erie Railroad for the purpose, this track being laid by placing the rails upon the few ties to the rails already distributed, and which was subsequently completed by filling in the residue necessary, as they were thus drawn and distributed; the Plaintiff called as a witness George D. Miller, his foreman in doing the work under

his contract, who, after giving testimony further tending to prove the facts above referred to, said: "I think it would make one hundred dollars per mile difference to lay ties this way than to lay them before rail was laid." At this point in the case, which was the close of Miller's evidence on the direct examination, occurs this statement: "This evidence was objected to, before the same was given, as irrelevant and incompetent on the question of damages, but the referee decided that the same was competent for that purpose, to which the Defendant duly excepted." The objection, in terms, is broad enough to include all the testimony which Miller had given. There is nothing to point the expression, "this evidence," to the last sentence, rather than to the whole, as there should have been if the last sentence alone was to be included in the objection; and as some portions of Miller's evidence are clearly unexceptionable, the objection being too broad, in that view, must go for nothing. But if the objection were confined to the sentence giving the comparative cost of laying the track before and after the rails were placed in situ, as described, I think this fact a proper one to prove, for it is the fact to which the objection points, and not the mode of proving it. This extra cost of laying the track was, in effect, but the extra cost of doing the work which the Defendant was to do, for the track was thus partially laid as a part of the work necessary in transporting the ties. It was virtually laying down a temporary track on which to transport the materials, and after they were transported taking it up again, and then with the materials thus brought upon the ground, together with what was there before, and thus temporarily used, constructing the superstructure of the road. Thus viewed this extra cost was strictly but the extra cost of distributing the materials; and if, in some instances, instead of taking up the rails for the purpose of placing the additional ties, the rails were suffered to remain, and the ties worked in under them, it does not change the character of the expense prejudicially to the Defendant; it comes to the same thing in effect. The extra expense is the difference to the Plaintiff between having the materials on the ground for use, as the superstructure is laid and completed, and

bringing the portion of them left behind by the Defendant in the mode adopted by the Plaintiff. Indeed, regarding this extra expense as applicable exclusively to the cost of the superstructure, as the witness gave it, inasmuch as it was a direct and immediate result of the materials not being distributed as Defendant undertook to distribute them, it is an injury for which the Plaintiff was entitled to recover.

I am of the opinion that the judgment should be affirmed.

All concur.